UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



GERRY SHERLOCK,

                Plaintiff,

v.

APEX SYSTEMS, INC.,

                Defendant.

Civil Action No. 3:12-CV-226

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 3, 8). On Tuesday, July 24, 2012, the Court heard oral argument on the Motion. For the reasons that follow, the Court GRANTS Defendant's Motion and DISMISSES Plaintiff's Amended Complaint with prejudice.

### I.    BACKGROUND

Plaintiff Gerry Sherlock's Amended Complaint alleges the following facts. On December 12, 2007, Defendant Apex Systems, Inc. hired Plaintiff as a Manager of Credit & Accounts in Henrico County, Virginia. Plaintiff claims that he "performed his job well" at all times during his employment. (Pl.'s Am. Compl. ¶ 5.) In fact, Plaintiff received several positive performance evaluations and even a merit-based pay increase.

On or about December 4, 2010, during an Apex holiday party, Plaintiff's co-worker, Jenny Boyce, "inappropriately grabbed [him] around his shoulders and neck in a lewd and

lascivious manner in open view of [Plaintiff's] wife and others." (Pl.'s Am. Compl. ¶ 9.) On December 15, 2010, Plaintiff filed a sexual harassment complaint with Colleen Harper in Apex's Human Resources Department. Harper took no disciplinary action against Boyce with respect to Plaintiff's complaint, which was corroborated by his wife.

Plaintiff alleges that on or about December 9, 2010, before he filed his sexual harassment complaint, Boyce field a false report that Plaintiff inappropriately touched her. Plaintiff further alleges that Boyce told Harper that she made a complaint against Plaintiff to "'minimize' Apex['s] liability." (Pl.'s Am. Compl. ¶ 11.) Notwithstanding Boyce's false allegation against him, on December 20 and 22, 2010, Plaintiff received positive performance evaluations from his manager, Laura Turnes. (Pl.'s Am. Compl. ¶¶ 12-13.) Plaintiff's performance evaluations were similar to ones he had received before the incident with Boyce.

Plaintiff alleges that certain Apex supervisors, Ted Hanson, Nathan Duet, and Harper, "ratified and condoned Boyce's conduct toward [him]." (Pl.'s Am. Compl. ¶ 14.) Plaintiff claims that on April 27, 2011, Hanson and Duet, acting on behalf of Apex, wrongfully terminated his employment "in order to minimize Apex's liability over the Boyce incident and in direct retaliation for . . . filing a sexual harassment complaint against Boyce." (Pl.'s Am. Compl. ¶ 15.)

Plaintiff alleges that he exhausted his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and filed the instant action within 90 days of his Notice of Right Sue from the EEOC. On March 28, 2012, Plaintiff filed his initial Complaint, which Apex moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. On June 22, 2012, Plaintiff filed an Amended Complaint, in which he alleges that Defendant wrongfully terminated him in retaliation for filing a sexual harassment complaint, in violation of Title VII of the Civil Rights Act of 1964. Apex now moves to dismiss Plaintiff's Amended Complaint on the basis that Plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## II. LEGAL STANDARD

Rule 12 allows a defendant to raise a number of defenses to a claim for relief at the pleading stage. Among these is the defense that the pleadings fail to state a claim upon which the court can grant relief. See Fed. R. Civ. P. 12(b)(6). Where a motion pursuant to Rule 12 (b) (6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint. See *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." *Id.* at 192-93.

The pleadings need not be supported by evidence but must "state a claim for relief that is plausible on its face." *Id.* at 193 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." *Iqbal*, 556 U.S. at 678. If the complaint alleges—directly or indirectly—each of the elements of "some viable legal

---

[1] The instant Motion incorporates the same grounds for dismissal as Defendant's prior motion to dismiss.

theory," the plaintiff should be given the opportunity to prove that claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pleaded allegations, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. T.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Iqbal*, 556 U.S. at 678. With these principles in mind, in a claim for employment discrimination, "while a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)).

### III. DISCUSSION

Title VII makes it unlawful "for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice [under Title VII]." 42 U.S.C. § 2000e-3(a). To state a prima facie case of retaliation, a plaintiff must establish that: (1) he engaged in a protected activity, (2) the employer took adverse action against him, and (3) there was a causal connection between the protected activity and the adverse action. *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007).

Plaintiff's Amended Complaint alleges that he filed a sexual harassment complaint with Defendant's Human Resources Department on December 15, 2010, and that Defendant subsequently terminated him on April 27, 2011. Defendant argues that while Plaintiff's allegations arguably satisfy the first two prongs of his retaliation claim, Plaintiff fails to establish a causal connection between filing a sexual harassment complaint and his termination. Defendant contends that Plaintiff's "bald allegations" and "speculative assumptions" fall short of establishing that Plaintiff's termination four months after he filed a sexual harassment complaint constituted retaliation. (Def.'s Mem. Supp. Mot. Dismiss, ECF No. 4, at 6.) In opposition, Plaintiff argues that his specific allegations that he received positive performance evaluations from Defendant is sufficient support of a causal connection in his retaliation claim in order to survive 12(b)(6) dismissal.

Plaintiff is not required to show a prima facie case of retaliation at this stage; rather, Plaintiff's allegations must allow the Court to plausibly—or reasonably—infer the existence of the prima facie elements. *See Coleman*, 626 F.3d at 190. Therefore, to satisfactorily plead the third element of his retaliation claim, Plaintiff's Amended Complaint must raise a reasonable inference that Defendant terminated Plaintiff because he filed a sexual harassment complaint.

A causal connection may be inferred when the adverse employment action is taken shortly after a defendant learns of the employee's participation in protected activity. *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004). On the other hand, "[a] lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the

two." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998). Although there is no "bright temporal line," the Fourth Circuit has held that a period of three to four months between the protected activity and the adverse employment action is too long to establish causation by temporal proximity alone. *See Perry v. Kappos*, No. 11-1476, *2012 U.S. App. LEXIS 12145*, at *17 (4th Cir. June 13, 2012) (citing *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir 2006)). Here, because Plaintiff was terminated more than four months after he filed his sexual harassment complaint, the Court cannot infer a causal connection between the two events based on temporal proximity alone. Plaintiff, however, claims to allege facts beyond temporal proximity to establish causation in support of his retaliation claim.

"In cases where 'temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may look to the intervening period for other evidence of retaliatory animus.'" *Lettieri*, 478 F.3d at 650 (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000) (internal quotation omitted)); *accord Conner v. Schnuck Mkts.*, 121 F.3d 1390, 1395 (10th Cir. 1995). For instance, in *Lettieri*, seven months lapsed between the time the plaintiff lodged her complaint of gender discrimination with her employer and the time her employer terminated her. However, immediately after she filed her complaint, she was denied a previously approved office transfer and "stripped of significant job responsibilities"—"steps [that] made it easier for [the plaintiff's employer] to take the position later that [the plaintiff] was not needed and should be terminated." *Lettieri*, 478 F.3d at 651. Therefore, the court found that although the plaintiff could not establish causation based on temporal proximity alone, the employer's conduct during the

6

period between the plaintiff's complaint and her termination displayed a retaliatory animus against the plaintiff which was sufficient support of a causal connection.

Here, Plaintiff argues that his allegations of positive performance evaluations by Defendant and his subsequent termination raise an inference of causation. However, positive performance evaluations before and after Plaintiff filed his sexual harassment claim do not show a retaliatory animus on Defendant's part. Rather, Plaintiff's allegations of positive performance evaluations do more to harm than help to support a showing that Defendant had knowledge of Plaintiff's protected activity and acted with retaliatory animus as a result.

Plaintiff's Amended Complaint considered in its entirety falls short of any allegations that he experienced untoward treatment by Defendant demonstrating a retaliatory animus during the four-month period between his sexual harassment complaint and his termination.[2] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 332 (holding that a court "must consider the complaint in its entirety" when ruling on a Rule 12(b)(6)). Consequently, Plaintiff is left with only a claim that he engaged in protected activity and Defendant took adverse action against him four months later, which is too long to raise a reasonable inference of a causal connection between the events. Accordingly, Plaintiff does not sufficiently establish the requisite causal connection between his

---

[2] Plaintiff's allegation that certain supervisors "ratified and condoned Boyce's conduct towards [him]" (Pl.'s Am. Compl. ¶ 14), is insufficient to raise an inference of a retaliatory animus. *See Francis*, 588 F.3d at 193 (4th Cir. 2009) ("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted).

protected activity and his termination to support a retaliation claim under Title VII, and Plaintiff has failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), and DISMISSES Plaintiff's Amended Complaint with prejudice.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

```
_____/s/_____
James R. Spencer
United States District Judge
```

ENTERED this __26th__ day of July 2012.